**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | : | |
| QUEST DIAGNOSTICS INCORPORATED, | : | Civil Case No. 14-433 |
| | : |  (FSH) (JBC) |
| Plaintiff, | : | |
| | : | **ORDER** |
| v. | : | |
| | : | October 17, 2014 |
| NATIONAL ASSET MANAGEMENT, LLC et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**HOCHBERG, District Judge:**

This matter comes before the Court upon the Report & Recommendation of the Honorable James B. Clark, III, United States Magistrate Judge, filed on September 22, 2014 [Docket  No. 45], recommending that the Court strike the Answers and Counterclaims of Defendants National Asset Management ("NAM") and Eightfold; strike the motions filed by Defendants National Asset Management and Rickard Briggs; and enter default against all Defendants; and for good cause shown;

it appearing that, on January 24, 2014, this Court granted Plaintiff Quest Diagnostic's motion for emergent relief and temporarily restrained Defendants National Asset Management and Eightfold; these parties consented to a permanent injunction on April 4, 2014; thereafter, National Asset Management answered the Complaint and Eightfold moved to dismiss;

it appearing that Magistrate Judge Clark set an initial conference on June 12, 2014; after

Defendants NAM and Eightfold failed to attend the initial conference, Judge Clark issued an Order scheduling a telephone conference to attempt to involve Defendants NAM and Eightfold, warning Defendants NAM and Eightfold of the consequence of failure to participate;

it appearing that, on June 24, 2014, NAM and Eightfold failed to participate in the telephone conference; the Court and Plaintiff attempted to contact Eightfold and NAM, but neither responded;

it appearing that, on June 24, 2014, Defendant Rickard Briggs was served with the Complaint and Temporary Restraining Order;

it appearing that Defendant Briggs did not answer or otherwise appear within the time limitations set by Federal Rule of Civil Procedure 12;

it appearing that Judge Clark scheduled a telephone conference with all Defendants on August 28, 2014; no Defendant attended, responded, or corresponded with the Court to explain their absence;

it appearing that, on September 2, 2014, Judge Clark issued an Order to Show Cause why the Answer, Counterclaims, and Motion of Defendants Eightfold and NAM should not be stricken and why default should not be entered against Eightfold, NAM, and Briggs; the parties were ordered to appear in person on September 22, 2014 and each was warned that the consequence of failure to appear would be the entry of default against all Defendants;

it appearing that Judge Clark's September 2 Order directing all parties to appear in person was served on Defendant Briggs [Docket No. 42], as well as the other Defendants, and each Defendant was provided an opportunity to submit a position paper as to why default

2

should not be entered;

it appearing that, without requesting an extension of time or responding to Judge

Clark's Order, Defendant Briggs filed an untimely Motion to Dismiss on September 5, 2014

[Docket No. 41]; after filing this motion, Defendant Briggs did not respond to the Court's

Order to Show Cause, did not request an adjournment of the mandatory Order to Show Cause

hearing, and did not submit a position paper;

it appearing that Magistrate Judge Clark conducted the in-person hearing on September

22, 2014—which every Defendant failed to attend—no Defendant contacted the Court before

or after the hearing with an explanation for their failure to follow the Court's orders;

it appearing that Judge Clark submitted a Report and Recommendation finding that

Defendants NAM and Eightfold's Answer and Counterclaims be stricken pursuant to Federal

Rule of Civil Procedure 37(b)(2); that Defendants Eightfold and Briggs's Motions be stricken;

and that Clerk's entry of default be entered against all Defendants;

it appearing that the Report and Recommendation adequately develops the factual

record, documenting each Defendant's failure to appear when required, respond to discovery

requests, and comply with the Court's Orders;

it appearing that the Report and Recommendation properly applied the six-factor test

established by the Third Circuit in *Poulis v. State Farm Fire & Casualty Co*., 747 F.2d 863,

868 (3d Cir. 1984), and appropriately concluded that Defendants' knowing failure to meet any

of their discovery obligations, appear where required, or respond to Court orders warranted

striking Defendants' Answer and Motions;

it appearing that neither Defendant Eightfold nor NAM has objected to Judge Clark's

3

Report and Recommendation;  Defendant Briggs, *pro se*, filed an objection on October 6,

2014;

the Court having reviewed the Report and Recommendation *de novo* pursuant to 28

U.S.C. § 636 and L.Civ.R. 72.1;[1] and for good cause shown;

---

[1]      Reviewing the record *de novo*, the Court finds that Defendant Briggs is personally responsible for his failure to respond to the Court, comply with its Orders, or appear as requested.  He admits to being served on July 24, 2014 with the Complaint and this Court's temporary restraining order at the Allegheny County Family Courthouse. Two weeks after his answer was due, he failed to appear before the Court at the August 28, 2014 hearing. When the Court issued an Order to Show Cause several days later, rather than respond to the Court's Order, he filed an untimely motion to dismiss. Thereafter, he failed to appear—without explanation—at the required hearing on September 22, 2014.

He first claims that he "had not received notification/documentation [of] requests for conference calls." But Defendant Briggs was served with Judge Clark's September 2 Order, which he admits to receiving. The Order unambiguously stated: "Defendant Rickard Briggs is to appear in person before the Honorable James B. Clark, III . . . on September 22, 2014." Three days after receiving the Court's Order, Briggs filed a motion to dismiss. Thus, he was aware of this proceeding, he was aware of the Court's Order that "Rickard Briggs is to appear in person," and he was aware that the consequence of his failure to respond or appear would include the Court "strik[ing] Defendants' Answers . . . without further notice," [Docket No. 40].  He chose to ignore these orders.

Defendant next argues that it was "unjust and prejudicial" to require Briggs to appear prior to the resolution of his untimely motion to dismiss.  Regardless of whether his motion was pending, every party must respond to Court orders.  Moreover, Briggs did not communicate to the Court his inability to appear or request that Judge Clark postpone the Show Cause hearing until the resolution of his motion. Instead, he chose not to respond to the Court's September 2 Order, which specifically required Defendant identify reasons why his answer should not be stricken.  Then, he failed to comply with the requirement that he appear on September 22.

Finally, Defendant Briggs argues that he is a new party and cannot be held accountable for acts that occurred before he was served on July 24.  Defendant is not, as he contends, being held responsible for the other Defendants' actions. Rather, he had been served more than a month before the August 28 hearing, yet he failed to appear for that hearing, respond to the September 2 Order, or attend the September 22 hearing. As such, Defendant Briggs is accountable for his own failure to participate.

The Court concurs with Judge Clark's decision that Defendant Briggs' knowing, willful and repeated refusal to respond to Court orders has manifestly prejudiced Plaintiff.  Moreover, it delayed discovery that this Court Ordered at the January 2014 hearing on Plaintiff's emergency motion to determine "how much of [the disputes] assets Defendants are allegedly withholding, where the assets are being held, and whether Defendants have dissipated the assets." No lesser sanction would be effective in addressing Defendant's nonparticipation.  The totality of the circumstances weigh in favor of striking Defendant Briggs's untimely motion.

      **IT IS** this 17th day of October, 2014, hereby

**ORDERED** that the Report and Recommendation of Magistrate Judge Clark filed on

September 22,  2014 [Docket No. 45], is **ADOPTED** in its entirety; and it is further

      **ORDERED** that the Motions to Dismiss [Docket Nos. 23 & 41] are terminated; and it

is further

      **ORDERED** that Clerk's entry of default be entered against all Defendants.


                           **IT IS SO ORDERED**


                     **/s/ Faith S. Hochberg_____**
                     **Hon. Faith S. Hochberg, U.S.D.J.**