UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

QUEST DIAGNOSTICS INC.,

*Plaintiff,*

v.

NATIONAL ASSET MANAGEMENT, LLC,

et al.,

*Defendants.*

Civil Action No. 14-433

ORDER

This matter having come before the Court by way of Plaintiff Quest Diagnostics Inc.'s ("Quest") motion for default judgment [Dkt. No. 51];

and it appearing that Plaintiff has brought suit against Defendants National Asset Management, LLC a/k/a National Account Management, LLC ("NAM"), Eightfold Inc., and Rickard Briggs, see Compl., Dkt. No. 1;

and it further appearing that default has been entered against all Defendants;

and it further appearing that prior to entering default judgment the Court must: (1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether Defendants have been properly served; (3) analyze the Complaint to determine whether a sufficient cause of action has been pled; and (4) determine whether the plaintiff has proved damages, see Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008); Wilmington Savings Fund Soc., FSB v. Left Field Props., LLC, No. 10-4061, 2011 WL 2470672, at *1 (D.N.J. June 20, 2011);

and it further appearing that although the facts pled in the Complaint are accepted as true for the purpose of determining liability, the movant must prove damages, see <u>Comdyne I, Inc. v. Corbin</u>, 908 F.2d 1142, 1149 (3d Cir. 1990);

and it further appearing that, prior to granting default judgment, the Court must make explicit factual findings as to: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default, see <u>Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds</u>, 250 F.R.D. 171, 177 (D.N.J. 2008);

and it further appearing that Quest has not explained under which causes of action it seeks entry of default judgment;

and it further appearing that Quest has not provided any legal support for the proposition that default judgment should be entered against any defendant and, specifically, why default judgment should be entered against Eightfold or Briggs as neither was a signatory to the contract at issue;

and it further appearing that Quest has not provided any legal basis to support its contention that $292,398.00 in additional vendor fees is recoverable under the contract's terms or pursuant to applicable law;

IT IS on this 7th day of May, 2015,

ORDERED that Quest's motion for default judgment is **DENIED WITHOUT PREJUDICE**; and it is further

ORDERED that if Quest files another motion for default judgment in this matter, Quest must identify under what causes of action it seeks default judgment against each defendant and

must file a brief in support of the motion that provides sufficient legal support for the relief requested in the motion.

/s *Madeline Cox Arleo*
**Hon. Madeline Cox Arleo**
**United States District Judge**